# EXHIBIT 6

| | |
|---|---|
| **From:** | Shannon Liss-Riordan |
| **Sent:** | Thursday, April 6, 2023 4:44 PM |
| **To:** | Meckley, Eric |
| **Cc:** | Hunter Field; Berry, Brian D.; Stephenson, Kassia; Cherry, Ashlee N.; Lotsoff, Jonathan D.; Wallace, Thomas Cullen; Margaret Born; Thomas Fowler; Bradley Manewith; Hannah Paxton |
| **Subject:** | Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991 |

Eric - Thank you for the response.

With respect to the first issue, JAMS is going to inform us which arbitrators it has in the states that were highlighted. My understanding is that they do not have any arbitrators in some of those states. So what do you propose for those claimants?  We'd also like to know what you are proposing if we don't agree to arbitrators they have in states where there are not enough arbitrators to create a strike list.

With respect to those claimants whose agreements do not specify JAMS, we will file their demands with the AAA.

With respect to those claimants who do not have their arbitration agreement, I'm still not clear what you're saying.  Will you agree that their claims are all tolled?  And are you saying that you'll agree that any class we might get certified would include all affected employees and then we would sort through who has arbitration agreements and who doesn't at that point?

Shannon

----------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

> On Apr 6, 2023, at 1:56 PM, Meckley, Eric <eric.meckley@morganlewis.com> wrote:
>
> Shannon,
> In terms of the highlighted claimants (who are employees in jurisdictions where JAMS does not have any licenses arbitrators or an insufficient number of arbitrators to create a rank and strike list), my understanding was that JAMS would be providing us with a list of the specific arbitrators available in the jurisdictions so that the parties could review and decide whether we agreed to use that arbitrator. I do not believe JAMS has sent us that list. That would be the first step to addressing this issue.
>
> For claimants who have signed a DRA that does not specify JAMS, we are agreeable to having those claims proceed with the AAA and subject to AAA rules (except to the extent the DRA specifies otherwise).
>
> For those claimants who purportedly do not have their DRA and are unable to obtain a copy of it, the parties have a disagreement regarding the impact of that situation.  With that said, when we spoke on

1

3/21/2023, one of the approaches that you suggested was to hold their claims in abeyance for now; Plaintiffs will move for class certification in Cornet; if certification is granted, then at that time both parties would re-investigate whether these claimants signed a DRA and, if so, whether they opted out of it. If they signed a DRA and did not opt out, then their claims would proceed in arbitration. We would agree to this approach.

**Eric Meckley**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com



**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Monday, April 3, 2023 12:42 PM
**To:** Meckley, Eric <eric.meckley@morganlewis.com>
**Cc:** Hunter Field <hfield@llrlaw.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Margaret Born <mborn@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Bradley Manewith <bmanewith@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>
**Subject:** RE: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

[EXTERNAL EMAIL]
Eric - Following up on the questions I asked you last week below.

Thank you,
Shannon

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Tuesday, March 28, 2023 12:30 PM
**To:** Meckley, Eric <eric.meckley@morganlewis.com>
**Cc:** Hunter Field <hfield@llrlaw.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Margaret Born <mborn@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Bradley Manewith <bmanewith@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>
**Subject:** RE: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

Eric –

Thank you. We will let JAMS know that Twitter agrees to the arbitration locations we listed for the non-highlighted claimants on this list.

What does Twitter propose we do about the highlighted claimants?

Also, in follow-up to our conversation from Friday, I believe we are in agreement to use AAA as the arbitration provider for claimants whose arbitration agreement does not specify JAMS.  Please confirm that is correct.  Although we had discussed the possibility of agreeing to groups of arbitrators, we would like to just use the usual AAA process for selecting arbitrators for the cases.

With respect to our Twitter clients who do not have copies of their signed arbitration agreement, you seemed to indicate that they should just be class members to our pending class cases in court.  Would you agree that they can be class members in court?  Will Twitter be opposing our motions for class certification?  What happens if our motions are denied?  And would Twitter agree not to move to compel their claims to arbitration?

Thank you,
Shannon

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

**From:** Meckley, Eric <eric.meckley@morganlewis.com>
**Sent:** Friday, March 24, 2023 6:57 PM
**To:** Margaret Born <mborn@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Bradley Manewith <bmanewith@llrlaw.com>
**Cc:** Hunter Field <hfield@llrlaw.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>
**Subject:** RE: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

Following up on our telephone conversation this afternoon, attached is the spreadsheet that you sent to me on Tuesday in which you identified the 105 claimants who are located in a state where JAMS does not have an office and where you identified what you believe to be the closest JAMS office.  I have highlighted in ==yellow== the claimants where we do not agree to use, or have JAMS appoint, an arbitrator who is not licensed in the state of the claimant (for the reasons I previously expressed, including the fact that such person is not familiar with the common and statutory law of the jurisdiction in which the claimant is making claims).  As to the non-highlighted claimants in the attached spreadsheet, which are the majority of claimants, we would agree to have the JAMS office closest to the claimant administer the claim (because, in many of these instances, the jurisdictions are so closely related, e.g., NJ cities across the river from NYC, that practitioners in those jurisdictions are familiar with the laws of the adjoining jurisdiction, and perhaps admitted in those jurisdictions as well).

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com